# CIRCUIT COURT OF CARROLL COUNTY

Misty Michelle Sumner

v.

Jeremiah Wayne Spence

August 28, 2007

Case CL 06-419

BY JUDGE BRETT L. GEISLER

This cause came to be heard upon Defendant, Jeremiah Wayne Spence's, Special Plea in Bar of Settlement and Release and Motion to Dismiss. An evidentiary hearing was held on April 25, 2007, and the parties submitted their arguments by way of memoranda. I have reviewed the transcript of the hearing, the authorities cited, and arguments of counsel. For the reasons cited herein, the Defendant's Special Plea in Bar of Settlement and Release and Motion to Dismiss are overruled.

The Defendant argues that an oral agreement between the Plaintiff, Misty Sumner, and a senior claims adjuster, Kevin Lantz, was consummated on February 10, 2006, in which Plaintiff agreed to accept $1,500.00 for pain and suffering and lost wages as well as up to $10,000.00 for any medical expenses incurred through February 10, 2006. The Plaintiff claims that she did not understand the agreement to be a settlement of "all" of her claims but thought that she was only settling a portion of her claim.

I find that the conversation between Mr. Lantz and the Plaintiff on February 10, 2006, fails to establish a clear meeting of the minds regarding the settlement of Ms. Sumner's bodily injury claims. Ms. Sumner was involved in a motor vehicle accident on February 1, 2006. Two days after the accident, Ms. Sumner met with Progressive's first claims adjuster, Jen Kaiser, to discuss her property damage claim and obtain medical authorization releases regarding the bodily injury claims. Ms. Sumner was not clear as to the status of her

property claim when she finished with her meeting with Ms. Kaiser. Nine days after the accident, Ms. Sumner received a phone call from a different claims adjuster, Kevin Lantz. Mr. Lantz and Ms. Sumner discussed several aspects of the claim. Ms. Sumner testified that she was concerned with her property claim and thought that that was why Mr. Lantz was calling. She was out of work and her rental car had to be returned in a couple of days and she had not been compensated for her property damage. Ms. Sumner was not expecting to be discussing her bodily injury claim and was waiting for a loss of wage form that was to be sent to her from Ms. Kaiser. Although Mr. Lantz claims he and Ms. Sumner agreed to the settlement, he could not remember exactly what Ms. Sumner had said to accept the settlement. More importantly, several items in the release form sent to Ms. Sumner were not discussed by Mr. Lantz and Ms. Sumner. Finally, Mr. Lantz instructed Ms. Sumner to read the release and make sure it reflected their agreement and then sign and return it to him. Additionally, the check sent to Ms. Sumner was never cashed. I find that, since Mr. Lantz sent Ms. Sumner a release containing additional conditions regarding the settlement that were not discussed in the February 10, 2006, conversation, that there had not been a clear acceptance of the offer by Ms. Sumner. Had Ms. Sumner signed the release, then there would have been a settlement. Clearly, all aspects of the settlement were not discussed between Mr. Lantz and Ms. Sumner and, therefore, the Defendant's Special Plea in Bar of Settlement and Release and Motion to Dismiss are hereby overruled.